**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1186**

MICHAEL MEAD,

      Plaintiff - Appellant,

    v.

CALVIN SHAW, Individually and in his official capacity as Captain of the Gaston County Police Department; REGINALD BLOOM, Individually and in his official capacity as a Detective for the Gaston County Police Department; WILLIAM SAMPSON, Individually and in his official capacity as a Detective for the Gaston County Police Department; GASTON COUNTY,

      Defendants - Appellees,

    and

GASTON COUNTY POLICE DEPARTMENT; NORTH CAROLINA STATE BUREAU OF INVESTIGATIONS; WILLIAM J. FARLEY, Individually and in his capacity as the Chief of Police for the Gaston County Police Department; JAMES W. BUIE, Individually and in his capacity as the Assistant Chief of Police for the Gaston County Police Department; CHRISTOPHER REYNOLDS, Individually and in his capacity as a Sergeant for the Gaston County Police Department; CHRISTIE L. RHONEY, Individually and in her capacity as a Sergeant for the Gaston County Police Department; CHRISTOPHER HASKETT, Individually and in his capacity as a Detective for the Gaston County Police Department; WILLIAM E. HOWELL, Individually and in his capacity as a Detective for the Gaston County Police Department; CHRISTOPHER MCAULAY, Individually and in his capacity as a Detective for the Gaston County Police Department; MATTHEW HENSLEY, Individually and in his capacity as a Detective for the Gaston County Police Department; J. K. SHAW, Individually and in his capacity as a Detective for the Gaston County Police Department; WILLIAM GALLOWAY, Individually and in his capacity as a Detective for the Gaston County Police Department; CLYDE PUTNAM, Individually and in his capacity as an Employee for the Gaston County Police Department; J. D. COSTNER, Individually

and as an Officer for the Gaston County Police Department; MARK STEWART, Individually and in his capacity as an Officer for the Gaston County Police Department; RENEE MULLIS, Individually and in her Capacity as a Investigator Agent for the North Carolina State Bureau of Investigations; JOHN DOE, Individually and in his capacity as employee of Gaston County Police Department and or the North Carolina State Bureau of Investigations; JANE DOE, Individually and in her capacity as employee of the Gaston County Police Department and or the North Carolina State Bureau of Investigations; DOE BOND COMPANY,

Defendants.

————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:12-cv-00132-GCM)

————————

Submitted: March 17, 2017                                         Decided: March 28, 2017

————————

Before WILKINSON, KING, and AGEE, Circuit Judges.

————————

Dismissed and remanded by unpublished per curiam opinion.

————————

S. Luke Largess, Jacob H. Sussman, TIN FULTON WALKER & OWEN, Charlotte, North Carolina, for Appellant. Martha Raymond Thompson, Ryan L. Bostic, STOTT, HOLLOWELL, PALMER & WINDHAM, LLP, Gastonia, North Carolina, for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Mead appeals the district court's order granting Defendants' motion for summary judgment on several of Mead's claims. Although "[t]he parties . . . have not questioned our jurisdiction . . . , we have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "Ordinarily, a district court order is not final until it has resolved <u>all</u> claims as to all parties." *Id.* (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

In his complaint, Mead raised several state law claims, some of which the district court dismissed early in the litigation. Mead's claims for malicious prosecution and trespass by public officers against three Defendants in both their official and individual capacities proceeded to summary judgment. The district court granted summary judgment to Defendants after concluding that governmental immunity barred the state law malicious prosecution and trespass claims. However, the district court acknowledged that governmental immunity only bars suit against municipal employees sued in their official capacity. The court did not address the claims for trespass and malicious prosecution against Defendants in their individual capacities. Because the district court did not rule on those claims, it "never issued a final decision" on Mead's remaining state law claims. *Id.* at 699. Thus, we lack jurisdiction over the appeal.

3

Accordingly, we dismiss the appeal and remand to the district court for consideration of Mead's remaining claims. We express no opinion on the ultimate disposition of those claims. We also express no opinion regarding the district court's dismissal of Mead's Fourth Amendment claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND*
*REMANDED*