**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6562**

KALVIN DONNELL COWARD,

        Plaintiff – Appellant,

    v.

JOHN JABE, Deputy Director of Operations (VDOC); A. DAVID
ROBINSON, Eastern Regional Director (VDOC); G. F. SIVELS,
Eastern Regional Ombudsman (VDOC); GREGORY L. HOLLOWAY,
Assistant Warden, General Population; CLYDE R. ALDERMAN,
Assistant Warden, Work Center-Special Housing; R. WOODS,
Institutional Ombudsman; C. HALL, Sergeant of the
Institutional Investigation Unit,

        Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:10-cv-00147-LMB-TRJ)

Submitted: April 4, 2016        Decided: April 26, 2016

Before SHEDD, THACKER, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Zachary Hudson, Robert M. Bernstein, BANCROFT PLLC, Washington,
D.C., for Appellant. Mark R. Herring, Attorney General of
Virginia, Stuart A. Raphael, Solicitor General, Trevor S. Cox,
Deputy Solicitor General, Richard C. Vorhis, Senior Assistant
Attorney General, Matthew R. McGuire, Assistant Attorney
General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond,

Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kalvin Donnell Coward, a Virginia inmate, appeals from the summary judgment entered against him. We dismiss the appeal for lack of appellate jurisdiction.

Coward professes to be a member of the Nation of Gods and Earths ("NGE"), which the Virginia Department of Corrections has classified as a gang. Contending that the Department is discriminating against him based on his religion, Coward asserts five causes of action against various Department officials. In the first four, Coward alleges violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). In the fifth, Coward alleges a claim of constitutional theological discrimination.

Among other things, Coward argues on appeal that the district court failed to address his theological discrimination claim in the summary judgment order. As he explains: "[O]ne searches the District Court's opinion in vain for any indication that the court was even aware that Mr. Coward had raised a separate constitutional theological claim." Reply Brief for Appellant, at 6. For this reason (and others), Coward contends that we should vacate the summary judgment and remand for further proceedings.

The Department disagrees with Coward's assessment of the record. In moving for summary judgment, the Department expressly

3

listed Coward's four RLUIPA claims, and it referenced the theological discrimination claim in a footnote appended to "Claim 1," stating that Coward "added a claim #5 which more directly challenges the failure to recognize the NGE as a religion. Since [the district court] has construed this claim to be raised in claim 1, counsel has done likewise." J.A. 306. The Department did not otherwise address the theological discrimination claim in a meaningful fashion in its summary judgment motion. Without pointing to any specific part of the summary judgment order, the Department now asserts that "[r]ather than ignoring Coward's theological discrimination claim, the Department and district court treated it in tandem with his RLUIPA claim for purposes of the Department's motion for summary judgment." Brief of Appellees, at 61-62. The Department further asserts that because Coward cannot prevail on his RLUIPA claims, his theological discrimination claim necessarily fails.

Coward is correct that the district court did not expressly address the theological discrimination claim in the summary judgment order. Indeed, a plain reading of the order supports Coward's contention that the court did not recognize that claim at the time of the decision. For example, the court introduced its analysis by noting that Coward's claims arise under RLUIPA, and it stated that the Department moved for summary judgment on

4

"all four" of Coward's claims. J.A. 449, 451. Later, the court listed and addressed Coward's four claims, and its analysis involves RLUIPA only. There is simply nothing in the order to suggest that the court considered the theological discrimination claim when it ruled on the summary judgment motion.

Recently, in Porter v. Zook, 803 F.3d 694, 696-97 (4th Cir. 2015) (internal punctuation and citations omitted), we explained:

> The parties to this appeal have not questioned our jurisdiction. But before we consider the merits of an appeal, we have an independent obligation to verify the existence of appellate jurisdiction. And that jurisdiction generally is limited to appeals from "final decisions of the district courts," 28 U.S.C. § 1291 — decisions that end the litigation on the merits and leave nothing for the court to do but execute the judgment.
> Ordinarily, a district court order is not final until it has resolved all claims as to all parties. In making that assessment, we look to substance, not form. Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order. . . .
> [E]ven if a district court believes it has disposed of an entire case, we lack appellate jurisdiction where the court in fact has failed to enter judgment on all claims.

Given the state of the record before us, Porter compels the conclusion that we lack appellate jurisdiction.

As noted, nothing in the summary judgment order indicates, or even suggests, that the district court considered and ruled on the theological discrimination claim. Rather, the court

5

specifically addressed Coward's "four" RLUIPA claims, and its analysis is based entirely on RLUIPA. Therefore, the theological discrimination claim is unresolved, and despite the fact that the summary judgment was entered and the litigation was ended below, we do not have a final decision to review. Accordingly, the appeal must be dismissed.

Because we are dismissing this appeal on jurisdictional grounds, we decline to comment on the merits of the parties' appellate arguments. We note, however, Coward's argument that the district court improperly granted summary judgment on a ground not raised by the Department. On remand, the court and the Department may wish to examine the record and, if necessary, take steps to ensure that Coward has had (or will have) ample opportunity to address any potentially dispositive grounds.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us, and oral argument would not aid the decisional process.

<u>DISMISSED</u>

6