**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6768**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

AARON COPPEDGE,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:09-cr-00064-F-1; 4:15-cv-00009-F)

Submitted: February 15, 2017      Decided: February 17, 2017

Before MOTZ and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

Aaron Coppedge, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Coppedge seeks to appeal the district court's order granting the Government's motion for summary judgment and denying relief in his 28 U.S.C. § 2255 (2012) proceeding. Although "[t]he parties . . . have not questioned our jurisdiction[,] . . . we have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. Porter v. Zook, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "Ordinarily, a district court order is not final until it has resolved all claims as to all parties." Id. (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." Id.

In his initial, unsigned § 2255 motion, which he later cured, Coppedge raised eight claims involving ineffective assistance of trial and appellate counsel; Fourth, Fifth, and Sixth Amendment violations; due process violations; and allegedly erroneous sentencing enhancements. Coppedge filed an amended § 2255 motion and raised four distinct claims: (1) ineffective assistance of trial counsel for failing to investigate an alibi witness; (2) ineffective assistance of

trial counsel for giving erroneous plea advice; (3) ineffective assistance of trial counsel for failing to object to one sentencing enhancement; and (4) prosecutorial misconduct based on the alleged use of false testimony.

Because the district court did not rule on the four additional claims raised in the amended § 2255 motion, that court "never issued a final decision on [Coppedge's § 2255 motion]." Id. Thus, we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal and remand to the district court for consideration of Coppedge's remaining four claims. We express no opinion on the ultimate disposition of the additional claims. "We [also] express no opinion regarding the district court's dismissal of [Coppedge's] other [eight] claims." Id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

                                      DISMISSED AND REMANDED

3