**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7021**

INFINITE ALLAH,

        Plaintiff – Appellant,

    v.

COMMONWEALTH OF VIRGINIA; AUGUSTA CORRECTIONAL CENTER;
LIEUTENANT PETERS; SARGEANT WILHELM,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  James P. Jones, District Judge.  (7:16-cv-00002-JPJ-RSB)

Submitted:  March 24, 2017              Decided:  March 31, 2017

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Infinite Allah, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Infinite Allah, a Virginia state prisoner, seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) action for failure to state a claim. "[W]e have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see* 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). "Ordinarily, a district court order is not final until it has resolved all claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

In his complaint, Allah alleged violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights related to the search of legal mail outside of his presence, as well as the seizure of certain documents sent from the district court and Allah's former attorney. Allah alleged that, in November 2013, Defendants seized mail sent from the district court and never gave it to him and that, in December 2013, Defendants opened a package of clearly marked legal mail outside of his presence and confiscated some of the documents. Allah also included an action of detinue under Virginia law to recover the confiscated materials or be compensated for their loss.

Although the district court examined and addressed all of Allah's claims as they related to the confiscation of his legal materials, the court did not address his contention

that, merely by opening legal mail outside of his presence, Defendants violated his constitutional rights. This claim is distinct from Allah's assertion that Defendants violated his rights by seizing his legal materials. The district court therefore did not rule on all of Allah's claims and, thus, "never issued a final decision." *Id.* at 699.

Accordingly, we dismiss the appeal and remand to the district court for consideration of Allah's remaining claim. We express no view on the ultimate disposition of such claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

3