**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7568**

BARUCHYAH BEDEYAH HAWKINS, a/k/a Daughton W. Lacey, Jr.,

        Petitioner - Appellant,

      v.

HAROLD CLARKE, Director, V.D.O.C.,

        Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (7:15-cv-00382-JLK-RSB)

Submitted: April 28, 2017                           Decided: May 23, 2017

Before SHEDD, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Baruchyah Bedeyah Hawkins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baruchyah Bedeyah Hawkins seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition without prejudice as to his right to file an action under 42 U.S.C. § 1983 (2012). We remanded this case for the limited purpose of allowing the district court to determine when Hawkins delivered his notice of appeal and objections to the dismissal order to prison officials for mailing to the court. The district court determined that Hawkins filed the objections within 28 days of the dismissal order, construed the objections as a Fed. R. Civ. P. 59(e) motion, and denied relief of the objections. Because filing a Rule 59 motion tolls the appeal period until disposition of the motion, *see* Fed. R. App. P. 4(a)(4)(A)(iv), Hawkins' notice of appeal—filed after entry of the dismissal order but before disposition of the Rule 59 motion—became effective on the date the court denied the Rule 59 motion, *see* Fed. R. App. P. 4(a)(B)(i). Consequently, Hawkins' appeal is timely.

Because the district court dismissed Hawkins' action without prejudice, we must consider whether we have jurisdiction to decide Hawkins' appeal. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). "And that jurisdiction generally is limited to appeals from final decisions of the district courts, 28 U.S.C. § 1291—decisions that end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment."[1] *Id.* (internal quotation marks omitted). "An order dismissing a complaint without prejudice is

---

[1] The district court's order is not an immediately appealable interlocutory or collateral order. *See* 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949).

2

not an appealable final order under § 1291 if the plaintiff could save his action by merely amending his complaint." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (internal quotation marks omitted). We conclude that the ground on which the district court relied to dismiss the action cannot be cured by simply amending the petition. *See id.* at 624; *see also Nettles v. Grounds*, 830 F.3d 922, 935, 936 (9th Cir. 2016) (noting procedural and substantive differences between § 2254 and § 1983 actions, including the amount of filing fees, the means of collecting those fees, and the defendant to be named), *cert. denied*, 137 S. Ct. 645 (2017).

Finally, we have reviewed the record on appeal and find no reversible error in the district court's dismissal of Hawkins' petition. Accordingly, we grant leave to proceed in forma pauperis and affirm for the reasons stated by the district court.[2] *Hawkins v. Clarke*, No. 7:15-cv-00382-JLK-RSB (W.D. Va., Aug. 25, 2015). We deny as moot the pending certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Our decision in *In re Wright*, 826 F.3d 774 (4th Cir. 2016), is distinguishable. The prisoner in *Wright* challenged, among other things, the execution of his sentence based on his claim that the state erroneously applied a statutory sentencing scheme, which adversely affected the calculation of his good-time and gain-time credits and which could, if successful, result in his speedier release from prison. *Id.* at 777; *see id.* at 779 (holding that such claims required prisoner to obtain prefiling authorization to file second or successive habeas petition). Unlike the prisoner in *Wright*, Hawkins made no claim in his § 2254 petition that, if successful, would result in his speedier release from incarceration.

3