**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1241**

FRANK E. HAMPTON,

      Plaintiff - Appellant,

      v.

ACCREDITED HOME LENDERS, INCORPORATED; DEUTSCHE BANK
NATIONAL TRUST COMPANY, as Trustee for Securitized Trust HSI Asset
Securitization Corporation Trust 2007-HE1; HSBC BANK USA, N.A.; HSI
ASSET SECURITIZATION CORPORATION; WELLS FARGO BANK, N.A.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a/k/a MERS; DOES
1 THROUGH 100, Inclusive,

      Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
J. Frederick Motz, Senior District Judge. (8:16-cv-01334-JFM)

Submitted: June 20, 2017                                Decided: June 22, 2017

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Frank E. Hampton, Appellant Pro Se. Daniel A. Glass, ECKERT SEAMANS CHERIN
& MELLOTT, LLC, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank E. Hampton appeals the district court's order granting a motion to dismiss filed by Defendants Deutsche Bank National Trust Co., HSBC Bank USA, National Association, HSI Asset Securitization Corp., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc. ("Moving Defendants") and dismissing all claims against Moving Defendants. "[W]e have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see* 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

In his complaint, Hampton alleged multiple causes of action against Moving Defendants, as well as Accredited Home Lenders, Inc. ("Accredited"); the record reflects that Accredited was served but never filed an answer or a motion to dismiss. The district court granted Moving Defendants' motion to dismiss but did not address any claims against Accredited. Thus, the court "never issued a final decision." *Id.* at 699.

Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court. We express no view on the ultimate disposition of Hampton's claims against Accredited. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*