**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2367**

ANGELA AYRES; STEPHAN AYRES,

Plaintiffs - Appellants,

v.

OCWEN LOAN SERVICING, LLC; BANK OF NEW YORK MELLON, as Trustee for the registered holders of Salomon Brothers Mortgage Securities VII, Inc., Mortgage Pass-Through Certificates, Services 2001-2,

Defendants – Appellees,

and

LITTON LOAN SERVICING, LP; SALOMON BROTHERS MORTGAGE SECURITIES VII, INC., Mortgage Pass-Through Certificates, Services 2001-2; SALOMON SMITH BARNEY, INC.; SALOMON SMITH BARNEY HOLDING; CITIGROUP GLOBAL MARKETS, INC., formerly known as Salomon Brothers Realty Corp; J.P. MORGAN CHASE BANK; CITIBANK, NA,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. J. Frederick Motz, Senior District Judge.  (8:13-cv-01597-JFM)

Submitted: May 30, 2017                    Decided: August 10, 2017

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

––––––––––––

Angela Ayres, Stephan Ayres, Appellants Pro Se.  Laurie Beth Goon, DUANE MORRIS, LLP, Baltimore, Maryland, for Appellees.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela Ayres and Stephan Ayres seek to appeal the district court's order granting summary judgment in favor of Ocwen Loan Servicing, LLC, and Bank of New York Mellon, in their action asserting claims related to mortgage fraud. Although "[t]he parties . . . have not questioned [this Court's] jurisdiction . . . , [this Court has] an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see* 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved all claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id*.

In this case, the district court's order does not address the Ayreses' claim under the Maryland Consumer Debt Collection Act, which was part of Count 1 of the amended complaint, or their request for declaratory and injunctive relief, which was Count 6 of the amended complaint. Because the district court did not rule on these claims, it "never issued a final decision" in this matter. *Id*. at 699. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of these claims. We express no opinion on the ultimate disposition of the claims. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*