**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7173**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RASHARD WILSON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:12-cr-00086-RWT-5; 8:16-cv-01035-RWT)

Submitted: January 19, 2018              Decided: February 12, 2018

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Rashard Wilson, Appellant Pro Se. Frank James Balsamello, Special Assistant United States Attorney, Arun G. Rao, Steven Edward Swaney, Assistant United States Attorneys, Erin Baxter Pulice, Mara Vanessa Jessica Senn, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashard Wilson seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Although the parties have not challenged our jurisdiction, we are obligated to examine our jurisdiction sua sponte. *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011). We "may exercise jurisdiction only over final orders and certain interlocutory and collateral orders." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (citations omitted); *see* 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

"Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

Wilson's initial § 2255 motion raised three claims of ineffective assistance of counsel. However, Wilson also filed a pro se pleading entitled "Citation of Additional New Authority" before the court adjudicated his motion. That pleading, liberally construed, raised a distinct claim for relief, challenging the continuing viability of Wilson's career offender Sentencing Guidelines enhancement under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and related authority. The district court does not appear

2

to have considered this pleading in adjudicating Wilson's motion.  Because the district court did not rule on this potential claim, or its authority to consider the claim, it "never issued a final decision on [Wilson's § 2255 motion]." *Porter*, 803 F.3d at 699.  We therefore lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal and remand to the district court to consider its authority to address Wilson's challenge to his career offender enhancement and, if applicable, the merits of that claim.  In so doing, we express no opinion as to the ultimate disposition of any of Wilson's claims or proposed claims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*