**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 17-7515**

———————

DOMINIQUE VENCENTIN GRAY,

               Petitioner - Appellant,

      v.

JOHNNY HAWKINS, Superintendent; ROY COOPER, Attorney General of the State of North Carolina,

               Respondents - Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:16-hc-02142-BO)

———————

Submitted:  March 19, 2018                         Decided:  May 11, 2018

———————

Before WILKINSON, TRAXLER, and HARRIS, Circuit Judges.

———————

Dismissed and remanded by unpublished per curiam opinion.

———————

Dominique Vencentin Gray, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Vencentin Gray seeks to appeal the district court's order granting Respondents' motion for summary judgment and denying relief on his 28 U.S.C. § 2254 (2012) petition. Although "[t]he parties . . . have not questioned our jurisdiction . . . , we have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see* 28 U.S.C. §§ 1291, 1292 (2012). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

Applying the liberal construction due to Gray's pro se § 2254 petition, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Gray alleged two related but distinct claims challenging the state superior court's determination of his prior record level at his sentencing hearing. First, Gray argued that the superior court violated his right to due process by relying on inaccurate information. *See United States v. Nichols*, 438 F.3d 437, 440 (4th Cir. 2006). Second, Gray contended that reclassifying his North Carolina conviction for assault with a deadly weapon inflicting serious injury from a Class H felony to a Class E or F felony violated the Ex Post Facto Clause. *See* U.S. Const. art. I, § 10, cl. 1; *Peugh v. United States*, 569 U.S. 530, 538-39 (2013) (explaining different categories of laws prohibited by Ex Post Facto Clause). To the extent that Gray's ex post

2

facto claim was not elaborately defined in his petition, Gray's memorandum in response to Respondents' summary judgment motion confirmed his pursuit of the claim. However, the district court's order granting Respondents' summary judgment motion and denying Gray's § 2254 petition failed to address Gray's ex post facto claim. Because the district court did not resolve this claim, we are constrained to conclude that we lack jurisdiction over this appeal. *See Porter*, 803 F.3d at 695, 699.

Accordingly, we deny leave to proceed in forma pauperis, dismiss the appeal, and remand to the district court for consideration of Gray's ex post facto claim. We express no opinion regarding the claim or the district court's resolution of Gray's due process claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*