**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-7252**

FRANKLIN C. SMITH,

Plaintiff - Appellant,

v.

CPL D.N. BEAVERS, Corporal; CPL. UZZLE, Corporal/Intel; D.A. TAYLOR, Deputy/Intel; B.F. ROZAS, Deputy/Intel; J. VARGAS, Captain; CPL. DEVO, Corporal; CPL. CHRISTIE, Corporal; CPL. BRYANT, Corporal,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, Chief District Judge. (2:17-cv-00336-MSD-LRL)

Submitted: February 27, 2019                    Decided: March 6, 2019

Before KING and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

Franklin C. Smith, Appellant Pro Se. Jeff W. Rosen, PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin C. Smith appeals the district court's order granting Defendants' motion for summary judgment in Smith's 42 U.S.C. § 1983 (2012) action. Before addressing the merits of Smith's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

While Smith's complaint is not a model of clarity, it is entitled to liberal interpretation. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Read in such a light, Smith's allegations that prison officials inflicted unnecessary and wanton pain and suffering by intentionally placing Smith in cells with inmates who were likely to harm him sufficiently raised an Eighth Amendment failure-to-protect claim. Smith also adequately alleged a claim of First Amendment retaliation in relation to filing

2

grievances.[*] Because the district court did not rule on those claims, it "never issued a final decision," *Porter*, 803 F.3d at 699, and we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal and remand to the district court for consideration of Smith's First and Eighth Amendment claims. We express no opinion on the ultimate disposition of those claims, nor on the district court's dismissal of Smith's other claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

[*] To be clear, the district court rejected a First Amendment retaliation claim that Smith asserted in his motion for a temporary restraining order, in which Smith alleged that he experienced retaliation for filing this § 1983 action. Such a claim, however, is distinct from Smith's claim in his complaint that Defendants retaliated against him for filing prison grievances.