**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7571**

LODISE WADLEY,

Petitioner - Appellant,

v.

WARDEN R. HUDGINS,

Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  John Preston Bailey, District Judge.  (1:20-cv-00020-JPB-JPM)

Submitted:  October 28, 2022                          Decided:  November 9, 2022

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Lodise Wadley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lodise Wadley seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 petition in which he sought to challenge his felon-in-possession convictions and his sentence by way of the savings clause in 28 U.S.C. § 2255(e). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record reveals that the district court did not adjudicate all of the claims raised in the petition. *See id.* at 696-97. Although the district court addressed Wadley's challenge to his convictions through the savings clause, the court did not address Wadley's challenge to his sentence through the same. *See United States v. Wheeler*, 886 F.3d 415, 426-29 (4th Cir. 2018) (distinguishing between challenge to conviction and challenge to sentence through savings clause and establishing four-part test to determine whether § 2241 petitioner may challenge sentence). We therefore conclude that the order Wadley seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claim.[*] *Porter*, 803 F.3d at 699.

---

[*] We express no opinion as to the merits of Wadley's claims.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*