**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1494

MIKE BENDFELDT; WINDOW WORLD - CEDAR RAPIDS, INC.; WINDOW WORLD - GRAND ISLAND, INC.; WINDOW WORLD - MASON CITY, INC.; WINDOW WORLD - NORTH DAKOTA, INC.; WINDOW WORLD - PORTLAND, INC.; WINDOW WORLD - QUAD CITIES, INC.; WINDOW WORLD - SEATTLE, INC.; W.O.W, INC.; WINDOW WORLD - LINCOLN, INC.; WINDOW WORLD - OMAHA, INC.; WINDOW WORLD - SOUTH DAKOTA, INC.; WINDOW WORLD - IOWA, INC.; WINDOW WORLD OF WICHITA, INC.,

    Plaintiffs - Appellants,

  and

BETTY MUHR-BENDFELDT,

    Plaintiff,

  v.

WINDOW WORLD, INC., a North Carolina corporation,

    Defendant - Appellee,

  and

ASSOCIATED MATERIALS, LLC, a Delaware limited liability company,

    Defendant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:17-cv-00039-KDB-DCK)

Submitted:  March 27, 2023                    Decided:  May 25, 2023

_____

Before RICHARDSON, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Jonathan E. Fortman, LAW OFFICE OF JONATHAN E. FORTMAN, LLC, Florissant, Missouri, for Appellants.  Michael T. Medford, Judson A. Welborn, Natalie M. Rice, Jessica B. Vickers, MANNING, FULTON & SKINNER, P.A., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mike Bendfeldt and thirteen dissolved Nebraska corporations formerly owned and operated by Bendfeldt (the "Plaintiff corporations") (collectively, "Plaintiffs"), appeal the district court's order granting summary judgment in favor of Defendant Window World, Inc., on Plaintiffs' claims of fraudulent and negligent misrepresentation and breach of contract. Under the terms of their licensing agreements, each Plaintiff corporation sold and installed exterior home products, using the Window World brand, in designated, exclusive trade areas. Between 2011 and 2013, most Plaintiff corporations entered asset purchase agreements ("APAs") with third-party buyers, through which they explicitly sold "[a]ll business and marketing records . . . and other business records used in the Business, and all permits and licenses necessary to the operation of the Business"; "Seller's rights in all oral or written contracts, agreements, and indicia of authority . . . to conduct the operations of the Business"; and "[a]ll intangible rights and property of Seller." (*See, e.g.*, J.A. 819-20).[1] Because the instant litigation was not initiated until 2015, the district court found that Plaintiffs did not own the claims they sought to raise. The district court noted that the store in one territory—Fargo, North Dakota—was closed rather than sold and, therefore, had not executed an APA. As to this store, the district court concluded that, because of the store's

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

minimal sales prior to closing, a standalone claim from that store was plainly insufficient to support federal diversity jurisdiction.[2]

On appeal, Plaintiffs contend that the district court erred by entering summary judgment on their claims because Bendfeldt did not sign the APAs in his individual capacity and, therefore, has not sold his individual claims against Window World.[3]  They also argue that the district court failed to address a breach of contract claim arising from a purported oral contract concerning a trade area in Bismarck, North Dakota.  Finding no reversible error, we affirm.

We first address Plaintiffs' assertion that the district court failed to consider one of their claims.  "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties."  *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).  However, "an order that fails to explicitly address or dispose of all claims presented to the court may nevertheless qualify as a final, appealable order if the language used in the order is calculated to conclude all the claims before the district court."  *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017) (cleaned up).  Here, the district court referenced the relevant section of Plaintiffs' second amended complaint in concluding that all of

---

[2] Plaintiffs have forfeited review of this issue by failing to take more than a "passing shot at" it in their brief.  *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

[3] Plaintiffs also argue—for the first time on appeal—that it is unclear which territory was sold in each APA.  Absent exceptional circumstances, which are not present here, we do not consider issues raised for the first time on appeal.  *Tarashuk v. Givens*, 53 F.4th 154, 167 (4th Cir. 2022).

Plaintiffs' claims arose from alleged contractual or legal duties owed to Window World licensees/franchisees. Moreover, the district court's conclusion that Plaintiffs had sold their claims to third parties clearly encompassed all of Plaintiffs' claims—including the alleged breach of contract related to the Bismarck territory. Accordingly, the district court's order resolved all of Plaintiffs' claims.

Turning to the merits, "[w]e review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] factual dispute is genuine only where the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Upon review of the record, we discern no reversible error in the district court's determination that Plaintiffs did not own the claims they sought to raise. We therefore affirm the district court's order. *Bendfeldt v. Window World, Inc.*, No. 5:17-cv-00039-KDB-DCK (W.D.N.C. Mar. 26, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5