**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-7229**

───────────

JAMES BENJAMIN CHARLES,

Petitioner - Appellant,

v.

EDDIE M. BUFFALOE, JR., Secretary, North Carolina Department of Public Safety,

Respondent - Appellee.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:20-cv-00196-MR)

───────────

Submitted:  October 31, 2023                    Decided:  November 8, 2023

───────────

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Dismissed and remanded by unpublished per curiam opinion.

───────────

James Benjamin Charles, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Benjamin Charles seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. "[W]e have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see* 28 U.S.C. §§ 1291, 1292. "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

Our review of the record reveals that the district court did not adjudicate all of the claims raised in Charles' § 2254 petition. Specifically, the court did not address whether trial counsel rendered ineffective assistance by failing to show to the jury allegedly exculpatory statements in letters written by Wendy Barnhill and by failing to object to the introduction at trial of photographs of Charles in a prison uniform; whether appellate counsel rendered ineffective assistance by failing to raise on direct appeal ineffective assistance of trial counsel claims; and whether Charles' due process right to a fair trial was violated by the prosecution's allegedly prejudicial remarks during closing arguments and by Charles' pretrial conditions of confinement. These claims were presented in Charles' prior state motion for appropriate relief (MAR), and that MAR was attached to, and referenced in, the letter construed by the district court as Charles' § 2254 petition. Although Charles' petition was not a model of clarity, we nevertheless conclude that the

2

claims raised in Charles' MAR were properly incorporated as part of his § 2254 petition for the district court's consideration. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring employment of liberal construction when evaluating pro se filings).

Because the district court did not address all of Charles' claims in his § 2254 petition, we conclude that the order he seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved issues. *See Porter*, 803 F.3d at 699. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*