**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-7417**

———————————

LESLIE MAY GREENE, individually and on behalf of her minor child, B.G.,

        Plaintiffs - Appellants,

      v.

PUTNAM COUNTY COMMISSION; MARK A. SORSAIA, individually as a member of the Putnam County Prosecutor's Office; JENNIFER SCRAGG KARR, individually as a member of the Putnam County Prosecutor's Office; ELIZABETH SUNYOG, individually as a member of the Putnam County Prosecutor's Office; MARIAN SMITH, individually as a member of the Putnam County Prosecutor's Office; TONY CRAIGO, individually as a member of the Putnam County Sheriff's Department; CITY OF HURRICANE; JOSHUA LUCAS, individually as a member of the City of Hurricane Police Department,

        Defendants - Appellees,

    and

JODI B. TYLER, individually as a member of the Kanawha County Prosecutor's Office; MORGAN M. SWITZER, individually as a member of the Kanawha County Prosecutor's Office; C. J. EASTRIDGE, individually as a member of the West Virginia State Police; JAMES MARK MCCOY, individually also known as Mark McCoy,

        Defendants.

———————————

**No. 23-6720**

———————————

LESLIE MAY GREENE, individually and on behalf of her minor child, B.G.,

Plaintiffs - Appellants,

v.

C. J. EASTRIDGE, individually as a member of the West Virginia State Police,

Defendant - Appellee,

and

PUTNAM COUNTY COMMISSION; MARK A. SORSAIA, individually as a member of the Putnam County Prosecutor's Office; JENNIFER SCRAGG KARR, individually as a member of the Putnam County Prosecutor's Office; ELIZABETH SUNYOG, individually as a member of the Putnam County Prosecutor's Office; MARIAN SMITH, individually as a member of the Putnam County Prosecutor's Office; TONY CRAIGO, individually as a member of the Putnam County Sheriff's Department; JODI B. TYLER, individually as a member of the Kanawha County Prosecutor's Office; MORGAN M. SWITZER, individually as a member of the Kanawha County Prosecutor's Office; CITY OF HURRICANE; JOSHUA LUCAS, individually as a member of the City of Hurricane Police Department; JAMES MARK MCCOY, individually also known as Mark McCoy,

Defendants.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cv-00520)

---

Submitted:  May 23, 2024                    Decided:  June 27, 2024

---

Before WYNN, HARRIS, and RICHARDSON, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**ON BRIEF:**  Stephen P. New, Russell A. Williams, NEW, TAYLOR & ASSOCIATES, Beckley, West Virginia, for Appellants.  Wendy E. Greve, Drannon L. Adkins, Johnnie E. Brown, James A. Muldoon, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,

2

Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Greene, individually and on behalf of her minor child, B.G., filed a civil action against B.G.'s father, Defendant James Mark McCoy, and 11 additional defendants. In these consolidated appeals, Greene seeks to appeal the district court's orders granting the majority of the defendants' motions to dismiss her amended complaint pursuant to Fed. R. Civ. P. 12(b)(1), (6). Specifically, Greene seeks to appeal the court's November 10, 2022, memorandum opinion and order dismissing her claims against the "Putnam County Defendants," a group comprising the Putnam County Commission, Mark Sorsaia, Jennifer Scragg Karr, Elizabeth Sunyog, Marian Smith, and Tony Craigo; the court's November 10, 2022, memorandum opinion and order dismissing her claims against the "Hurricane City Defendants," a group comprising the City of Hurricane and Joshua Lucas; and the court's November 10, 2022, and June 20, 2023, memorandum opinions and orders dismissing her claims against C.J. Eastridge. For the following reasons, we dismiss the appeals.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved all claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (cleaned up). As the district court acknowledged in its June 23, 2023, order, it has not resolved Greene's claim(s) against McCoy. Accordingly, the orders dismissing the claims against the Putnam County and Hurricane City Defendants are

4

neither final orders nor appealable interlocutory or collateral orders.  We therefore dismiss No. 22-7417 for lack of jurisdiction.

As to No. 23-6720, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," provided that "the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Upon dismissing the final claim against Eastridge, the district court found "that its decision as to the claims against . . . Eastridge is final and there is no just reason for delaying an appeal."

We have an independent duty to confirm that a Rule 54(b) certification is proper and that we may exercise appellate jurisdiction over the certified order.  *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1334-35 (4th Cir. 1993).  We generally review a Rule 54(b) certification for abuse of discretion.  *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010).

"In certifying a judgment for appeal under Rule 54(b), the district court must first determine whether the judgment is final and second, determine whether there is no just reason for the delay in the entry of judgment."  *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (internal quotation marks omitted).  A judgment is final if "it is an ultimate disposition of an individual claim entered in the court of a multiple claims action."  *Id.* (internal quotation marks omitted).  In determining whether there is no just reason for delaying the entry of judgment, we have instructed district courts to assess a number of factors.  *Id.* at 874.  When conducting the two-step certification process under

5

Rule 54(b), a district court must state the findings that support certification on the record or in the certification order. *Braswell Shipyards*, 2 F.3d at 1336.

Contrary to our precedents, the district court's certification order does not contain any findings or rationale in support of the Rule 54(b) certification. *See Culosi v. Bullock*, 596 F.3d 195, 203-04 (4th Cir. 2010); *Braswell Shipyards*, 2 F.3d at 1336. "The expression of clear and cogent findings of fact is crucial" for appellate review of the court's certification decision, *Braswell Shipyards*, 2 F.3d at 1336, and, in the absence of such explanation, we do not accord that decision any deference, *see Kinsale*, 31 F.4th at 874. In light of our dismissal of No. 23-7417, we discern "scant reason for us to accept jurisdiction" over this appeal. *Culosi*, 596 F.3d at 203. We therefore also dismiss No. 23-6720.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*