**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7308

GARY WALL,

Plaintiff - Appellant,

v.

JEFFREY ARTRIP, Delta-Building Unit Manager; T. RAIFORD, Counselor/Unit Manager; J. FANNIN, Lieutenant; C. DEEL, Sergeant; KILBORNE, Unit Manager; C. MURPHY, Correctional Officer; S. DAY, Lieutenant (Charlie Building); S. FRANKLIN, Lieutenant (Charlie Building); W. SWINEY, Unit Manager; D. TURNER, Unit Manager; D. LYNCH, Canine Unit Officer; B. AKERS, Correctional Officer; M. COUNTS, Inmate Hearings Officer; L. MULLINS, Inmate Hearings Officer; R. MATHENA, Warden; J. WALRATH, Assistant Warden; G. HINKLE, Western Regional Director VDOC; L. JARVIS, Western Regional Administrator VDOC; G. ADAMS, Lieutenant; R. KEGLEY, Counselor; H. PONTON, Western Regional Administrator of the VDOC,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (7:15-cv-00097-JLK-RSB)

Submitted: August 29, 2017                    Decided: September 1, 2017

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Gary Wall, Appellant Pro Se. Nancy Hull Davidson, Assistant Attorney General, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Wall seeks to appeal the district court's order granting summary judgment to the Defendants and denying relief on his 42 U.S.C. § 1983 (2012) complaint. Before addressing the merits of Wall's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773, 779 (2014) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

Wall alleged several claims, including a retaliation claim and several due process claims. Although the district court addressed the vast majority of these claims, it did not address Wall's procedural due process claim alleging that he did not receive fair disciplinary hearings because the hearing officer did not issue a written decision supporting her findings, did not allow Wall to testify in his defense, and was biased. Defendants moved for summary judgment on this procedural due process claim, and Wall

3

repeated this claim in his opposition to the motion. Because the district court did not resolve this procedural due process claim, we lack jurisdiction over this appeal. *See id.* at 695, 699.

Accordingly, we dismiss the appeal as interlocutory and remand to the district court for consideration of Wall's procedural due process claim. We express no opinion regarding the merits of Wall's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

4