**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6878**

JOHN THOMAS LEWIS,

Plaintiff - Appellant,

v.

MICHAEL WADE, Sheriff, Henrico County Sheriff's Dept.; LT. ROBINSON, Lieutenant, Henrico County Sheriff's Dept.; DEPUTY AMOAH, Deputy, Henrico County Sheriff's Dept.,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:16-cv-00835-CMH-TCB)

Submitted: November 30, 2017                          Decided: December 15, 2017

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

John Thomas Lewis, Appellant Pro Se. Emily Paige Bishop, Jeremy David Capps, David Patrick Corrigan, HARMAN CLAYTOR CORRIGAN & WELLMAN, P.C., Glen Allen, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Thomas Lewis seeks to appeal the district court's order granting summary judgment to defendants Robinson and Amoah and denying relief on his 42 U.S.C. § 1983 (2012) complaint. Before addressing the merits of Lewis' appeal, we must first be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773, 779 (2014) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

Lewis alleged that he was subjected to a substantial risk of harm in violation of the Eighth Amendment when he was forced onto a top bunk with no ladder or rails even though he told defendants he had been assigned a bottom bunk by medical staff. Lewis further alleged that he fell off the top bunk and was injured. The district court did not address this claim, but granted defendants' motion for summary judgment on a claim of deliberate indifference to a serious medical need, concluding that the undisputed record

2

failed to show that Lewis was suffering from a serious medical condition at the time of the incident. Because the district court did not resolve Lewis' claim alleging that he was subjected to a substantial risk of harm, we lack jurisdiction over this appeal. *See Porter*, 803 F.3d at 695, 699.

Accordingly, we dismiss the appeal as interlocutory and remand to the district court for consideration of Lewis' substantial risk of harm claim. We express no opinion regarding the merits of Lewis' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*