**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7067

ERIC JOSEPH DEPAOLA,

Plaintiff - Appellant,

v.

HAROLD CLARKE; A. DAVID ROBINSON; EARL BARKSDALE; AMEE
DUNCAN; LT. CHRISTOPHER GILBERT; LT. KISER; B. WALLACE, Safety
Officer; CRABTREE, Recreational Supervisor; SGT. LARGE; SGT. J. MESSER;
SGT. J. HALL; SGT. J. DICKENSON; SGT. JASON SHEPHERD; D. TURNER,
Unit Manager (C Building); HENRY PONTON; STEAVENS, Guard; R.
STANLEY, Guard; J. T. FLEMING, Guard; LOVELL, Guard; HILL, Guard;
VAUGHN, Guard; B. DODSON, Guard; GENTRY, Guard; L. MULLINS,
Institutional Hearings Officer,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke. James P. Jones, District Judge. (7:17-cv-00028-JPJ-RSB)

Submitted: December 21, 2017                    Decided: January 11, 2018

Before GREGORY, Chief Judge, and KING and SHEDD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Eric Joseph DePaola, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric DePaola seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint without prejudice. Before addressing the merits of DePaola's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The district court identified deficiencies in two of DePaola's claims that DePaola may be able to remedy by filing an amended complaint. In ruling on DePaola's Eighth Amendment recreation claim, the district court noted that DePaola failed to allege how often he was denied recreation entirely or if he was harmed by the conditions in the recreation cages. Additionally, the district court noted in ruling on the procedural due process claim alleged in Count 3 of the complaint that DePaola failed to allege that the hearing officer was biased or that the evidence the officer failed to consider would have been exculpatory. Because DePaola might be able to cure these defects by filing an amendment to the complaint, we conclude that the order DePaola seeks to appeal is neither a final order nor an appealable interlocutory order. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993). Accordingly, we dismiss the appeal for lack of jurisdiction and remand the case to the district court with instructions to allow DePaola to amend his complaint. *Goode*, 807 F.3d at 630. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*