**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 17-7519**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LIONEL LAMONT COX,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:12-cr-00288-FL-1; 5:15-cv-00571-FL)

---

Submitted: March 30, 2018                Decided: April 11, 2018

---

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

---

Dismissed and remanded by unpublished per curiam opinion.

---

Lionel Lamont Cox, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lionel Lamont Cox seeks to appeal the district court's order granting the Government's motion to dismiss and denying relief on his 28 U.S.C. § 2255 (2012) motion. Before addressing the merits of Cox's appeal, we must first be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

In his initial 28 U.S.C. § 2255 motion, as well as his "Supplemental/Amended" 28 U.S.C. § 2255 motion, Cox claimed that trial counsel was ineffective for failing to move for a judgment of acquittal on the aiding and abetting charges on the ground that (a) the Government had the burden of proving beyond a reasonable doubt that Cox knew his codefendant, Neville Ward, was a convicted felon, and (b) that no reasonable juror could find that the Government had met its burden as to that element. The district court individually addressed each of Cox's other ineffective assistance of counsel claims, but did not discuss or rule on this claim. The district court, therefore, "never issued a final decision." *Id.* at 699.

2

Accordingly, we deny as moot Cox's motion to expedite, dismiss the appeal as interlocutory, and remand to the district court for consideration of Cox's unresolved ineffective assistance of counsel claim. We express no opinion regarding the merits of Cox's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*