**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7496**

KELVIN A. CANADA,

　　　　Plaintiff - Appellant,

　　　　v.

CHRISTOPHER GILBERT, Lieutenant at Red Onion State Prison; J. LOVELL, Officer at Red Onion State Prison; F. CALABRO, Officer at Red Onion State Prison; JOHNNY HALL, Sergeant at Red Onion State Prison; EARL BARKSDALE, Warden at Red Onion State Prison; ISRAEL HAMILTON, Assistant Warden at Red Onion State Prison; DELMAR TATE, Major at Red Onion State Prison; A. J. GALLIHAR, Chap=Chief of Housing and Programs at Red Onion State Prison; HENRY PONTON, Regional Administrator for the Western VA DOC Region; HAROLD CLARKE, VA DOC Director; A. DAVID ROBINSON, Chief of Operations for the VA DOC; JESSE WAGNER, S.I.U. Agent-Special Investigation Unit Agent for the VA DOC,

　　　　Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, District Judge.  (7:16-cv-00190-JPJ-RSB)

Submitted:  March 30, 2018　　　　　　　　　　　Decided:  May 9, 2018

Before GREGORY, Chief Judge, and HARRIS, Circuit Judge, and SHEDD, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

Kelvin A. Canada, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin A. Canada appeals the district court's order summarily dismissing, under 28 U.S.C. § 1915A(b) (2012), his 42 U.S.C. § 1983 (2012) supplemented complaint. Before addressing the merits of Canada's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

Canada alleged numerous claims based on his incarceration at Red Onion State Prison ("ROSP"). Although the district court addressed the vast majority of these claims, it did not address Canada's claim that ROSP's visual body cavity strip searches were conducted in violation of the Eighth Amendment. The court addressed the claim under the Fourth Amendment—but not the Eighth. Because the district court did not resolve this claim, we lack jurisdiction over this appeal. *See id.* at 695, 699.

Accordingly, we dismiss the appeal as interlocutory and remand to the district court for consideration of Canada's claim that strip searches violated the Eighth Amendment. We express no opinion regarding the merits of Canada's claims. We deny

3

Canada's motions and supplemental motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

4