**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1965**

BAYVIEW LOAN SERVICING, LLC,

Plaintiff - Appellant,

v.

CAROLYN LOCKLEAR; LENNIE LOCKLEAR, a/k/a Linnie Locklear; MERITAGE MORTGAGE CORPORATION; UNITED STATES OF AMERICA, acting by and through its agency the Internal Revenue Service; NORTH CAROLINA DEPARTMENT OF REVENUE,

Defendants - Appellees,

and

LUMBEE GUARANTY BANK,

Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:15-cv-00220-D)

Submitted: August 22, 2018                    Decided: September 5, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Franklin Lamont Greene, Renner Jo St. John, BROCK & SCOTT, PLLC, Charlotte, North Carolina, for Appellant. Christopher Michael Anderson, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bayview Loan Servicing, LLC ("Bayview"), appeals the district court's order granting partial summary judgment to the Internal Revenue Service ("IRS") and granting in part and denying in part Bayview's motion for default judgment as to three Defendants against whom the district court clerk previously entered default. Because we conclude that the appeal is a nonappealable interlocutory order, we dismiss for lack of jurisdiction.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

In its complaint, Bayview pleaded seven claims and named six Defendants—the IRS, the North Carolina Department of Revenue ("NCDR"), the three defaulted Defendants, and a party whom Bayview voluntarily dismissed from the action. The IRS successfully moved for summary judgment on four claims—Counts 2, 4, 5, and 6. The IRS did not oppose Counts 1 and 3, and was not named in Count 7. With respect to Bayview's motion, the court granted default judgment against the defaulted Defendants on Counts 1, 3, and 7, but denied the motion as to Counts 2, 4, 5, and 6. Accordingly, no judgment has been entered on Counts 1 and 3 as to the IRS, or on Counts 2, 4, 5, and 6 as to the defaulted Defendants. Nor has any judgment been entered for or against the NCDR.

3

Because numerous claims remain outstanding, the district court's order is not final. In addition, the court did not certify its interlocutory order for immediate appeal under Fed. R. Civ. P. 54(b). *See Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000) ("Rule 54(b) . . . provides a vehicle by which a district court can certify for immediate appeal a judgment that disposes of fewer than all of the claims or resolves the controversy as to fewer than all of the parties."). Because the court's order is a nonfinal, nonappealable interlocutory decision, we lack jurisdiction over this appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*