**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6332**

RANDOLPH ALEXANDER WATTERSON,

Plaintiff - Appellant,

JEFFREY RANDOLPH WATTERSON,

Plaintiff,

v.

WOODY BURGESS; JASON GREEN; FRANKIE DELLINGER; JENNIFER HOYLE; CITY OF CHERRYVILLE; BOB AUSTELL; MIKE ALLRED; DAVID HODGKINS; BEN BLACKBURN; SELECTIVE INS. OF S.C.; CHERRYVILLE CITY POLICE DEPARTMENT; CHERRYVILLE UTILITIES DEPT.,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:13-cv-00159-FDW-DCK)

Submitted:  July 31, 2018                    Decided:  September 21, 2018

Before WILKINSON, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph A. Watterson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randolph A. Watterson appeals the district court's judgment entered after a jury trial. Watterson brought claims under 42 U.S.C. § 1983 (2012), under the Racketeer Influenced and Corrupt Organizations Act (RICO), 42 U.S.C. §§ 1961–1968 (2012), and under North Carolina state law. We previously granted in part Watterson's motion for transcripts at government expense, concluding that some of Watterson's contentions on appeal raised a substantial question.[1] 28 U.S.C. § 753(f) (2012). We now affirm the district court's judgment.

Watterson argues that the district court failed to resolve all of his claims. Before addressing the merits of Watterson's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949). "Ordinarily, a district court order is not final until it has resolved all claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the

---

[1] On appeal, we limit our review to the issues raised in the informal brief. 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (noting importance of Rule 34(b)). Watterson does not challenge the district court's determination that his § 1983 and civil RICO claims were barred by the various statutes of limitations. Thus, we only granted Watterson's request for transcripts in part. To the extent that Watterson raises other contentions not addressed in this opinion, we conclude that they are meritless.

judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 183 (2014) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

On appeal, Watterson contends the district court did not address his state law claims. Watterson abandoned those claims, however, because he did not request a jury instruction at the charge conference or object to the district court's decision to exclude them from the jury instructions. *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994), *as amended*, (Nov. 22, 1994). Because Watterson abandoned his state law claims, they were not properly before the district court, and thus the district court's failure to explicitly address them does not render this appeal interlocutory. *See Porter*, 803 F.3d at 696.

Two issues remain. First, Watterson challenges the adequacy of the district court's discovery sanctions against defendant Jason Green. Watterson moved for default judgment and for sanctions against Green for his failure to comply with multiple court orders relating to discovery. The district court denied Watterson's motion for default judgment, but ordered Green's counsel to pay $500 in sanctions. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Watterson v. Burgess*, No 3:13-cv-00159-FDW-DCK (W.D.N.C., Mar. 2, 2017).

Second, Watterson argues that the district court erred in its treatment of his claim

3

against defendant Jennifer Hoyle after she failed to respond to Watterson's requests for admission regarding her liability. The district court ruled this failure precluded Hoyle from contesting liability at trial, but permitted her to dispute damages. When the jury returned a verdict form that awarded Watterson no damages against Hoyle, the district court entered a nominal damages award against Hoyle with both parties' consent. On appeal, Watterson contends that the district court's decision to permit Hoyle to dispute damages was error. He also argues that the district court's nominal damages award was inadequate, and that the court instead should have awarded him the full damages he sought in his complaint. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Watterson v. Burgess*, No 3:13-cv-00159-FDW-DCK (W.D.N.C., Sept. 21, 2017).

We therefore deny Watterson's motion to appoint counsel and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4