**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6125**

RONALD MCCLARY,

                Plaintiff - Appellant,

        v.

OFFICER HOLDER; OFFICER JOYNER; ROBERT BURGESS; NURSE FULLER; RODERICK WATSON; DENNIS DANIELS,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-ct-03051-FL)

Submitted:  June 13, 2019                           Decided:  June 17, 2019

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Ronald McClary, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald McClary appeals the district court's order dismissing some of his claims as frivolous, but allowing another claim to proceed. Finding that the court's order is interlocutory, we dismiss the appeal.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Here, the district court dismissed most of McClary's claims as frivolous, but found another claim was not frivolous and allowed it to proceed. Because a claim remains outstanding, the court's order is not final. In addition, the court did not certify its interlocutory order for immediate appeal under Fed. R. Civ. P. 54(b). *See Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000) ("Rule 54(b) . . . provides a vehicle by which a district court can certify for immediate appeal a judgment that disposes of fewer than all of the claims or resolves the controversy as to fewer than all of the parties."). Because the court's order is a nonfinal, nonappealable interlocutory decision, we lack jurisdiction over this appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*