**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6011**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RALPH MARLOW,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:15-cr-00018-JPJ-RSB-11; 2:17-cv-81257-JPJ-RSB)

Submitted:  June 12, 2019                                  Decided:  June 26, 2019

Before KING and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

Ralph Marlow, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Marlow appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Before addressing the merits of Marlow's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

In his § 2255 motion, Marlow challenged his conviction for violating 18 U.S.C. § 924(c) (2012). He asserted that his guilty plea was unknowing and involuntary because counsel provided erroneous advice regarding the elements of the offense, failed to investigate potential defenses to the offense, and provided erroneous advice regarding his sentencing exposure. He also asserted that counsel failed to challenge his § 924(c) count as duplicitous and allowed him to plead guilty to a non-existent offense. The district court failed to address whether counsel failed to investigate potential defenses and provided erroneous advice regarding Marlow's sentencing exposure. Thus, because "the district court has not adjudicated all of the issues in [the] case, [] there is no final order." *Id.*

2

Accordingly, we dismiss the appeal as interlocutory and remand to the district court for consideration of Marlow's unaddressed claims. We deny Marlow's motion for a certificate of appealability as unnecessary and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*