**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7470**

JESSE HEMINGWAY,

Plaintiff - Appellant,

v.

MISS CHATTMAN, H.S.A.; MRS. SCOTT-BOSTON, H.S.A. (Trainee); MRS. FRANCOS, A.H.S.A.; DR. DICOCO, Clinical Director; DR. PISCITELLI, Chronic Care Doctor; ANDRAGE YIRGA, Midlevel Provider; MRS. MCCAFFERTHY, Nurse; DR. K. PRAKASH; TONYA MCCLELLAN, MLP/PA - Health Care Provider; DEBRAH WINBUSH, MLP/PA - Health Care Provider; UNITED STATES OF AMERICA; MR. RICKARD, Associate Warden (Health Services); MR. HARTLEY, Lieutenant; MR. BORDON, Unit Manager; MR. ROBERT BLANKENSHIP, Case Manager Coordinator Federal Correctional Complex PEM; MRS. M. OSBOURNE, RN/MXR Mast OM Coordinator Federal Bureau of Prisons; K. MAYBURY, Compound Officer/Corrections Officer Federal Correctional Complex, PEM; C. WALKER, Corrections Officer Federal Correctional Complex, PEM; MISS VAMETER, RPN/FNP (Provider) Federal Bureau of Prisons; I. HALL, Mid-level Provider Federal Correctional Complex PEM,

Defendants - Appellees.

**No. 18-7496**

JESSE HEMINGWAY,

Plaintiff - Appellant,

v.

MISS CHATTMAN, H.S.A.; MRS. SCOTT-BOSTON, H.S.A. (Trainee); MRS. FRANCOS, A.H.S.A.; DR. DICOCO, Clinical Director; DR. PISCITELLI, Chronic Care Doctor; ANDRAGE YIRGA, Midlevel Provider; MRS. MCCAFFERTHY, Nurse; DR. K. PRAKASH; TONYA MCCLELLAN, MLP/PA - Health Care Provider; DEBRAH WINBUSH, MLP/PA - Health Care Provider; UNITED STATES OF AMERICA; MR. RICKARD, Associate Warden (Health Services); MR. HARTLEY, Lieutenant; MR. BORDON, Unit Manager; MR. ROBERT BLANKENSHIP, Case Manager Coordinator Federal Correctional Complex PEM; MRS. M. OSBOURNE, RN/MXR Mast OM Coordinator Federal Bureau of Prisons; K. MAYBURY, Compound Officer/Corrections Officer Federal Correctional Complex, PEM; C. WALKER, Corrections Officer Federal Correctional Complex, PEM; MISS VAMETER, RPN/FNP (Provider) Federal Bureau of Prisons; I. HALL, Mid-level Provider Federal Correctional Complex PEM,

Defendants - Appellees.

―――――――――

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis III, Senior District Judge.  (1:17-cv-00208-TSE-MSN)

―――――――――

Submitted:  August 29, 2019                    Decided:  September 12, 2019

―――――――――

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

―――――――――

Dismissed and remanded by unpublished per curiam opinion.

―――――――――

Jesse Hemingway, Appellant Pro Se.  Dennis Carl Barghaan, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jesse Hemingway seeks to appeal the district court's orders dismissing his complaint or granting summary judgment in favor of Appellees in his civil action, as well as its orders denying his motions to supplement the complaint and for appointment of counsel. Before addressing the merits of these appeals, we "have an independent obligation to verify the existence of appellate jurisdiction, even in the absence of a jurisdictional challenge from one of the parties." *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted).

We may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see Catlin v. United States*, 324 U.S. 229, 233 (1945) (defining final decision as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696. Thus, "even if a district court believes it has disposed of an entire case, we lack appellate jurisdiction where the court in fact has failed to enter judgment on all claims." *Id.* at 696-97.

Here, the district court construed Hemingway's operative second amended complaint as alleging deliberate indifference to his serious medical needs pursuant to

3

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and medical malpractice claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (2012), specifically related to the type of insulin he was provided and the treatment he received for an injury to his foot that culminated in the amputation of his right great toe in July 2017. However, construing Hemingway's second amended complaint liberally, as we must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we conclude that Hemingway's claims regarding his medical treatment also challenged the treatment he received for a subsequent injury to his right fifth toe following the July 2017 amputation. The court's challenged orders indicate that it did not issue a ruling on this portion of Hemingway's claims. *See Porter*, 803 F.3d at 697.

Accordingly, we dismiss the appeals for lack of jurisdiction and remand the case to the district court to permit the court to consider, in the first instance, Hemingway's claims regarding the treatment of his right fifth toe. In doing so, we express no opinion as to the impact of this ruling on Hemingway's motion to supplement the complaint, leaving determination of that issue to the district court in the first instance.

We deny leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

4