**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2449**

EMANUELLA NKEM NNADOZIE,

Plaintiff - Appellant,

v.

MANORCARE HEALTH SERVICES, LLC; HCR MANOR CARE SERVICES, INC.; MANORCARE - WOODBRIDGE VALLEY MD, LLC; MANORCARE HEALTH SERVICES - WOODBRIDGE VALLEY; HEARTLAND EMPLOYMENT SERVICES,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-00391-JFM)

Submitted: September 25, 2017                    Decided: October 11, 2017

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Leizer Z. Goldsmith, Kyle G. Ingram, THE GOLDSMITH LAW FIRM, LLC, Washington, D.C., for Appellant. Paul J. Kennedy, LITTLER MENDELSON, P.C., Washington, D.C.; Rachelle E. Hill, LITTLER MENDELSON, P.C., Denver, Colorado, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emanuella Nkem Nnadozie seeks to appeal the district court's order granting summary judgment to her former employer, Heartland Employment Services ("HES"), on her race discrimination, retaliation, and harassment claims raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), and 42 U.S.C. § 1981 (2012). Before addressing the merits of Nnadozie's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773, 779 (2014) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

The district court's memorandum and order granting HES's motion for summary judgment only addressed Nnadozie's discrimination claim. Nnadozie's complaint clearly alleged discrimination, retaliation, and harassment claims, HES moved for summary judgment on these claims, and Nnadozie filed an opposition to HES's motion contending

3

that a genuine dispute of material fact precluded summary judgment on all three claims. Because the district court failed to resolve the retaliation and harassment claims, we lack jurisdiction over this appeal. *See id.* at 695, 699.

Accordingly, we dismiss the appeal as interlocutory. We express no opinion regarding the merits of Nnadozie's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*