**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1369**

EMANUELLA NKEM NNADOZIE,

Plaintiff - Appellant,

v.

MANORCARE HEALTH SERVICES, LLC; HCR MANOR CARE SERVICES, INC.; MANORCARE - WOODBRIDGE VALLEY MD, LLC; MANORCARE HEALTH SERVICES - WOODBRIDGE VALLEY; HEARTLAND EMPLOYMENT SERVICES,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Beth P. Gesner, Magistrate Judge. (1:15-cv-00391-BPG)

Submitted: October 29, 2019                    Decided: November 14, 2019

Before WYNN and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leizer Z. Goldsmith, THE GOLDSMITH LAW FIRM, LLC, Washington, D.C., for Appellant. Paul J. Kennedy, Meredith L. Schramm-Strosser, LITTLER MENDELSON, P.C., Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emanuella Nkem Nnadozie appeals the district court's and magistrate judge's orders granting summary judgment to her former employer, Heartland Employment Services ("HES"), on her discrimination, retaliation, and hostile work environment claims raised pursuant to 42 U.S.C. § 1981 (2012) and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2019).[1] Her claims were based on alleged mistreatment on the basis of her race (black) during her employment as a night shift nurse supervisor. We affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). We are "entitled to affirm the district court on any ground that would support the judgment in favor of the party prevailing below." *Catawba Indian Tribe of S.C. v. City of Rock Hill*, 501 F.3d 368, 372 n.4 (4th Cir. 2007). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Jacobs*, 780 F.3d at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party."

---

[1] The district court initially entered an order addressing only Nnadozie's discrimination claim. Nnadozie appealed that order, and we dismissed the appeal as interlocutory because the court had not addressed her retaliation and hostile work environment claims. *Nnadozie v. ManorCare Health Servs., LLC*, 698 F. App'x 157, 157-58 (4th Cir. 2017) (No. 16-2449). On remand, the parties consented to further proceedings before a magistrate judge. *See* 28 U.S.C. 636(c)(1) (2012). Additionally, while Nnadozie identified several parties as defendants, she does not contest the district court's finding that HES was her employer.

2

*Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Our analysis of Nnadozie's discrimination and retaliation claims proceeds under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). Both Title VII and § 1981 claims are governed by this standard. *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). For her discrimination claim, Nnadozie is first required to

> demonstrate[] a prima facie case . . . by showing that (1) [s]he is a member of a protected class; (2) [s]he suffered [an] adverse employment action; (3) [s]he was performing h[er] job duties at a level that met h[er] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

*Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007) (citing *McDonnell Douglas*, 411 U.S. at 802). To establish a prima facie case of retaliation, Nnadozie must "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (brackets and internal quotation marks omitted). If Nnadozie establishes a prima facie case, HES then must proffer a legitimate,

3

nondiscriminatory reason for her termination. *Id.*; *Holland*, 487 F.3d at 214. The burden then shifts back to Nnadozie to show that HES's legitimate reason was, in fact, a pretext for intentional discrimination or retaliation. *See Jacobs*, 780 F.3d at 578; *Holland*, 487 F.3d at 214.

For purposes of this analysis, we assume that Nnadozie established a prima facie case of discrimination and retaliation. Nevertheless, we conclude that she failed to point to evidence showing a genuine dispute of material fact that HES's proffered reasons for terminating her in February 2014—her placement of inaccurate information in medical records, providing private medical information to an unauthorized individual, and making an inappropriate phone call—were pretext for discrimination or retaliation. While Nnadozie relies on a Sixth Circuit case for the proposition that she can establish pretext by relying on the decisionmakers' conflicting testimony regarding their knowledge of her legal claims against her former employer, the Sixth Circuit considered similar evidence in conjunction with the plaintiff's additional evidence calling into question the veracity of the decisionmakers' explanation for the plaintiff's termination and of their claims that they did not know about the plaintiff's protected activity. *See Hicks v. SSP Am., Inc.*, 490 F. App'x 781, 784-85, 787-88 (6th Cir. 2012).

We conclude that Nnadozie is not able to make such an additional showing. Nnadozie claims that her supervisor was conspiring to terminate her, as evidenced by her supervisor's statement suggesting that she wanted to "get" Nnadozie. But it is undisputed that her supervisor was not involved in the final decision to terminate her. Furthermore, it was Nnadozie's coworker who first discovered Nnadozie's inaccurate documentation in

4

patient J.B.'s medical record. Although Nnadozie questions the quality of HES's investigation into the events that ultimately led to her termination, the fact that the investigation may not have been as thorough as Nnadozie would have liked does not establish pretext. *Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011). Moreover, HES has fired other employees who placed false information in a patient's medical record. In determining whether Nnadozie engaged in the alleged misconduct, "[i]t is the perception of the decision maker which is relevant." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996) (internal quotation marks omitted). Here, HES had to choose between Nnadozie and patient E.W.'s conflicting accounts of one of the incidents; moreover, Nnadozie gave inconsistent statements regarding the other incident. "If [plaintiff] was fired for misconduct she did not actually engage in, that is unfortunate, but a good-faith factual mistake is not the stuff of which Title VII violations are made." *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 903 (4th Cir. 2017).

Additionally, Nnadozie points to inconsistencies in the decisionmakers' deposition testimony as evidence of pretext. "[A]n employer['s] . . . inconsistent post-hoc explanations for its employment decisions is probative [evidence] of pretext." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 647 (4th Cir. 2002). However, "the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it." *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006). Here, Nnadozie focuses on minor inconsistencies. The decisionmakers consistently stated that it was the incidents with J.B. and E.W. that led to her termination. There is no

5

evidence in the record from which a reasonable jury could infer that HES's decision to terminate Nnadozie was pretextual. Accordingly, we affirm the district court's and magistrate judge's grant of summary judgment on these claims.

Nnadozie also contends that the magistrate judge erred in rejecting her hostile work environment claim. To establish that her workplace was racially hostile under § 1981 and Title VII, a plaintiff must establish "that there is (1) unwelcome conduct; (2) that is based on the plaintiff's race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc) (alteration omitted).

Nnadozie has provided no evidence from which a reasonable jury could infer that the challenged conduct—receiving a negative phone call from her supervisor and being treated differently than her fellow nurse supervisors—was based on her race. She admits that her supervisor did not refer to her race during the phone call and that the other nurse supervisors, who she alleges received better treatment, were also black.

Moreover, the incidents Nnadozie raises were not substantial enough to create a hostile work environment. Harassment is considered sufficiently severe or pervasive so as to alter the terms or conditions of the employment if a "workplace is permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). The standard for proving an abusive work environment is intended to be a high one because it is designed to "filter out complaints attacking the ordinary tribulations of the workplace" and "to ensure that Title VII does not

become a general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). Thus, the plaintiff must show not only that she subjectively believed her workplace environment was hostile, but also that a reasonable person would perceive it to be objectively hostile. *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 178 (4th Cir. 2001). "Such proof depends upon the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Bonds*, 629 F.3d at 385 (internal quotation marks omitted).

We conclude that the magistrate judge did not err in rejecting this claim. Nnadozie only alleged rude treatment on one occasion—a phone call with her supervisor—and concedes that her supervisor did not use any profanity or refer to her race. Thus, the phone call did not create an objectively hostile environment. Additionally, while Nnadozie contends that she was given extra, undesirable tasks by her supervisor, this also is insufficient to establish a hostile work environment claim. *See Combs-Burge v. Rumsfeld*, 170 F. App'x 856, 862 (4th Cir. 2006); *Newton v. Office of the Architect of the Capitol*, 840 F. Supp. 2d 384, 398 (D.D.C. 2012).

Therefore, we affirm the district court's and magistrate judge's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7