**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6944**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LARRY D. HILL, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:15-cr-00265-BR-1; 5:17-cv-00067-BR)

Submitted:  May 20, 2020                                    Decided:  June 3, 2020

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Larry D. Hill, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry D. Hill, Jr., seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2018) motion. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2018), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2018); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Although the district court properly construed most of Hill's documents as part of his collateral attack on his conviction and sentence, *see Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015) (reiterating that pro se pleadings must be liberally construed), our review of the record reveals that the court did not adjudicate all of the claims raised in those documents. Specifically, the court failed to address Hill's assertions that: (1) his guilty plea was involuntary because prison officials refused to release him from the Special Housing Unit (SHU) until he pled guilty; (2) the prosecutor prevented Hill from preparing an adequate defense by insisting that he remain in the SHU; (3) the prosecutor knowingly and maliciously prosecuted Hill based on tainted evidence; (4) the prosecution was racially motivated (5) the violation of his constitutional rights during the prison disciplinary proceedings affected the outcome of the related criminal proceedings; (6) his right to due process was violated when he was convicted and sentenced based on tainted evidence; and (7) when imposing his sentence, the district court should have considered his efforts to improve himself in prison.

Because the order Hill seeks to appeal is neither a final order nor an appealable interlocutory or collateral order, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claims. *See Porter*, 803 F.3d at 699. We deny Hill's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*