**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-7177

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONALD OMAR FAZEL, a/k/a Rodney Dickerson, a/k/a Roscoe Barnes,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cr-00014-AJT-1; 1:17-cv-01447-AJT)

Submitted: May 20, 2020                    Decided: June 10, 2020

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Donald Omar Fazel, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Omar Fazel seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2018) motion. Before addressing the merits of Fazel's appeal, we must first be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2018), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2018); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

In its July 18, 2018, order, the district court explained that it was addressing Fazel's initial § 2255 motion, filed in December 2017, as well as his accompanying memorandum in support, filed in March 2018, and two subsequent amendments to the memorandum, filed in April 2018. The court then stated that Fazel had raised a total of four claims: the three claims Fazel presented in his initial § 2255 motion and an additional claim Fazel raised in his first April 2018 amendment to the memorandum. The court addressed the four claims in turn, explaining why each was meritless, and then denied Fazel's § 2255 motion. The court failed to address, however, the five additional ineffective assistance of counsel claims that Fazel raised in his March 2018 memorandum. Specifically, Fazel claimed in his March 2018 memorandum that his trial counsel: (1) falsely advised Fazel that he could not appeal his criminal judgment; (2) coerced Fazel into pleading guilty;

2

(3) coerced Fazel into signing restitution documents; (4) refused to request discovery; and (5) refused to ask the prosecutor to correct the loss amount in the plea agreement.

Because the district court appears to have accepted Fazel's March 2018 and April 2018 pleadings as supplements to Fazel's initial § 2255 motion, the court's failure to address the claims raised in the March 2018 memorandum means that the court "never issued a final decision." *Porter*, 803 F.3d at 699. Accordingly, we dismiss the appeal as interlocutory and remand to the district court for consideration of Fazel's unresolved claims.[*] We express no opinion regarding the merits of the claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

[*] After the district court entered its final judgment, Fazel filed multiple letters and motions asking the court to consider a new claim that Fazel's trial counsel colluded with counsel for the Government to add an additional count to Fazel's plea agreement without his knowledge. The district court construed these pleadings as a single, successive § 2255 motion and denied the motion without prejudice to Fazel's right to move this court for prefiling authorization. To date, Fazel has not moved for such authorization. We leave it to the district court to determine whether, on remand, Fazel can amend his original § 2255 motion to include this additional claim.