**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7256**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

REGINALD SAM BEALE, a/k/a Pootie,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:18-cr-00156-RGD-RJK-3)

Submitted:  December 22, 2020           Decided:  December 29, 2020

Before NIEMEYER, FLOYD, and RICHARDSON, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Reginald Sam Beale, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Sam Beale seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record reveals that the district court did not adjudicate all of the claims raised in the § 2255 motion. *Id.* at 696-97. Specifically, the court did not address Beale's claim that defense counsel was ineffective for failing to object to his criminal history score.* We conclude that the order Beale seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claim. *Id.* at 699.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

*We acknowledge that Beale only mentioned this issue in a footnote in his § 2255 motion, and it was difficult to discern whether he intended to raise it as an independent claim. However, Beale clarified in his informal brief on appeal that he did intend to raise the claim.