**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1817**

JOHN OSBORNE CRANDELL, III,

Plaintiff - Appellant,

v.

HARDY COUNTY RURAL DEVELOPMENT AUTHORITY,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Michael John Aloi, Magistrate Judge.  (2:18-cv-00087-MJA)

Submitted:  February 18, 2021                    Decided:  February 22, 2021

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

John Osborne Crandell, III, Appellant Pro Se.  Robert Clee Chenoweth, Peter G. Zurbuch, BUSCH, ZURBUCH & THOMPSON, PLLC, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Osborne Crandell, III, seeks to appeal several orders entered by the magistrate judge in this civil action, including the January 23, 2020 order dismissing in part Crandell's second amended complaint and the June 26, 2020 order awarding summary judgment to the Hardy County Rural Development Authority (the "HCRDA").[1] This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record reveals that the magistrate judge did not adjudicate all of the claims alleged in the second amended complaint. *Id.* at 696-97. Specifically, the magistrate judge never resolved Crandell's breach of contract claim related to the HCRDA's attempt to forcibly repurchase Crandell's property.[2] We thus conclude that the orders Crandell seeks to appeal are neither final orders nor appealable interlocutory or

---

[1] The parties consented to the jurisdiction of the magistrate judge pursuant to 18 U.S.C. § 636(c).

[2] The magistrate judge concluded that Crandell's first amended complaint stated a plausible breach of contract claim related to the HCRDA's attempt to forcibly repurchase Crandell's property. Although Crandell thereafter filed a second amended complaint, it contains identical allegations regarding the attempted repurchase. Thus, liberally construed, the second amended complaint alleges a breach of contract claim predicated on the attempted forcible repurchase.

2

collateral orders.  Accordingly, we dismiss the appeal for lack of jurisdiction and remand

to the magistrate judge for consideration of the unresolved claim.  *Id.* at 699.

We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the

decisional process.

*DISMISSED AND REMANDED*