**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6170**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEANDRE BUDDEN, a/k/a Bubba,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:17-cr-00769-JFA-1; 3:18-cv-02239-JFA)

Submitted: November 4, 2021                      Decided: December 15, 2021

Before MOTZ, KING, and QUATTLEBAUM, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Leandre Budden, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leandre Budden seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record reveals that the district court may not have adjudicated a claim that Budden alleged in these proceedings. *Id.* at 696-97. Specifically, it is not clear that the district court resolved Budden's claim that his guilty plea was not knowing, voluntary, and intelligent because he suffers from lifelong mental illness, and because—at the time of the change of plea hearing—he was undergoing medical treatment that caused him to experience cognitive impairment.[*] We thus conclude that the order Budden seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claim. *Id.* at 699.

---

[*] Budden requested in his § 2255 motion that the district court vacate his guilty plea because it was not knowing, voluntary, and intelligent. Budden later submitted a supplement to his § 2255 motion and a response memorandum expanding on his claim that his guilty plea was invalid. We are thus satisfied that the district court was obliged to resolve this claim. Moreover, although the district court addressed Budden's alleged mental illness and cognitive impairment in resolving his ineffective assistance of counsel claims, we are not convinced that the resolution of those ineffective assistance claims also encompassed Budden's standalone claim that his guilty plea was not knowing, voluntary, and intelligent.

We also deny Budden's motion for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*