**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────────

**No. 21-6277**

──────────────

JURONE HAMMOND,

                    Petitioner - Appellant,

          v.

JOHN S. WOLFE, Warden,

                    Respondent - Appellee.

──────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:17-cv-03721-RDB)

──────────────

Submitted:  August 26, 2022                    Decided:  September 13, 2022

──────────────

Before NIEMEYER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

──────────────

Dismissed and remanded by unpublished per curiam opinion.

──────────────

Jurone Hammond, Appellant Pro Se.  Andrew John DiMiceli, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

──────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jurone Hammond seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2254 petition for failure to exhaust state court remedies. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record reveals that the district court did not adjudicate all of the claims that Hammond raised during the § 2254 proceedings. *Id.* at 696-97. Specifically, the court did not consider Hammond's argument that his attorney provided ineffective assistance by essentially abandoning Hammond at trial and conceding Hammond's guilt without his consent. We therefore conclude that the order Hammond seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. *See Porter*, 803 F.3d at 696-97.

Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claim. *Id.* at 699. We express no view on the ultimate disposition of any of Hammond's claims. We deny Hammond's motion for a certificate of appealability as unnecessary, deny his motion to appoint counsel at this juncture, and dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*