**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-6086

_____

DAVID N. FIREWALKER-FIELDS,

　　　　　Plaintiff - Appellant,

　　　v.

CHADWICK DOTSON, Director of Virginia Department of Corrections; MR. DAVID NEWCOMER, Warden, Augusta Corr. Center,

　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:22-cv-00596-MFU-JCH)

_____

Submitted:  November 7, 2023                              Decided:  December 4, 2023

_____

Before GREGORY, THACKER, and RICHARDSON, Circuit Judges.

_____

Dismissed and remanded by unpublished per curiam opinion.  Judge Richardson dissented.

_____

David Nighthorse Firewalker-Fields, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David N. Firewalker-Fields seeks to appeal the district court's order dismissing without prejudice his 42 U.S.C. § 1983 complaint. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record reveals that the district court did not adjudicate all of the claims alleged in Firewalker-Fields' complaint. *Id.* at 696-97. Specifically, the district court never resolved Firewalker-Fields' claim that defendant Harold W. Clarke—who has since been replaced by Chadwick Dotson—had violated his Fifth Amendment rights by refusing to allow him to transfer money in his inmate trust account to a bank.[*] We thus conclude that the order Firewalker-Fields seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack

---

[*] Firewalker-Fields' complaint alleged a Fifth Amendment claim with two parts: (1) Clarke unlawfully retained the interest earned on funds in Firewalker-Fields' inmate trust account, and (2) Clarke unlawfully refused Firewalker-Fields' request to transfer the money in his inmate trust account to a bank. The district court considered the first part but not the second part. Although Firewalker-Fields' complaint dedicated much more attention to the first part, the complaint clearly alleged the second part. Firewalker-Fields even attached prison grievances to his complaint concerning his inability to transfer the money in his inmate trust account to a bank.

of jurisdiction and remand to the district court for consideration of the unresolved claim. *Id.* at 699.

We also deny as moot Firewalker-Fields' motion for a preliminary injunction and deny Firewalker-Fields' petition for an initial hearing en banc. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*